UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE G. YOUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPUTY LEE, et al.,<br><br>    Defendants. | No. 2:17-cv-02596 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the motion to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

**I.     Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.    Allegations in the Complaint**

While an inmate at the San Joaquin County Jail awaiting transport to state prison, plaintiff alleges that he was beaten by various deputies on January 19, 2016. Plaintiff is a hearing

impaired inmate who uses hearing aids in both ears. ECF No. 1 at 28. On the date of the incident, plaintiff alleges that "a number of sheriffs/officers, came to the cell stating something I could not make out without my hearing aids[.] I flushed the toilet and was jerked off the toilet with my pants down and was brutally beaten by deputies ledesma, lee, martinez, and others[. D]eputy lee was hitting me with either a baton or flashlight delivering especially injurious blows to my head, face, neck, spine, legs, ribs, front torso and arms." Id. Plaintiff further alleges that his immediate requests for medical attention were ignored, but plaintiff does not identify any defendant who was responsible for refusing him medical treatment. After plaintiff was transferred to a state prison, he received an x-ray indicating that two of his ribs were fractured. ECF No. 1 at 14.

### III. Analysis

Plaintiff's complaint states a cognizable claim for the excessive use of force under the Eighth Amendment and 28 U.S.C. § 1915A(b) against defendants Deputy Lee, Deputy Ledesma, and Deputy Martinez. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

Since plaintiff does not identify any individual defendant responsible for the alleged denial and/or delay of medical treatment following the incident, the court finds that plaintiff has failed to allege an Eighth Amendment deliberate indifference claim. However, the court will grant leave to amend this claim.

Additionally, the court notes that there are no allegations against Sergeant S. Williams who is identified as a defendant in the complaint. Plaintiff must allege with at least some degree of particularity overt acts which defendant Williams engaged in that support plaintiff's claim. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The court will grant plaintiff leave to amend his complaint with respect to defendant Sergeant S. Williams.

### IV. Deliberate Indifference to Serious Medical Needs

Plaintiff is advised that in order to state an Eighth Amendment claim for inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff

must plead sufficient facts to permit the court to infer that (1) plaintiff had a "serious medical need," and that (2) individual defendants were "deliberately indifferent" to that need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105–06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

### V. Leave to Amend

For the reasons set forth above, the court finds that the only cognizable claim in the complaint is an Eighth Amendment excessive force claim against defendants Deputy Lee, Deputy Ledesma, and Deputy Martinez. However, it appears that plaintiff may be able to allege facts to remedy the deficiencies with respect to the remaining Eighth Amendment deliberate indifference claim against additional defendants. Plaintiff will be given time to amend his complaint to cure the deficiencies set forth above if he so chooses. Plaintiff is not required to file an amended complaint, and may instead choose to proceed with service of process on the Eighth Amendment excessive force claim against defendants Deputy Lee, Deputy Ledesma, and Deputy Martinez.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Eighth Amendment excessive force claim against defendants Deputy Lee, Deputy Ledesma, and Deputy Martinez, the court will send him the necessary forms for service of the complaint. A decision to go forward without amending the complaint will result in a recommendation that all the other claims against the additional defendants be dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how

each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VI.    Plain Language Summary for a Pro Se Litigant**

Since you are acting as your own attorney in this case, the court wants to make sure that you understand this order. The following information is meant to explain this order in plain English and is not intended as legal advice.

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. Some of the allegations in the complaint state claims against the defendants and some do not. Your allegations of the excessive use of force by defendants Deputy Lee, Deputy Ledesma, and Deputy Martinez state a claim for relief which can proceed. The claim for the denial and/or delay of medical treatment does not state a claim because you have not identified any defendant who was responsible.

You can either (1) proceed immediately on your excessive use of force claim against defendants Deputy Lee, Deputy Ledesma, and Deputy Martinez; or (2) amend the complaint to fix your claims against any additional defendants. If you want to go forward without amending the complaint, the undersigned will recommend dismissing the Eighth Amendment deliberate indifference claim against any additional defendants.

1       If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the one that has already been found to state a claim, because the court will not look at the claims or information in the original complaint. Any claims and information not in the first amended complaint will not be considered. You must complete the attached notification showing what you want to do next and return it to the court within twenty-one days from the date of this order. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or complete and return service paperwork).

      In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on his Eighth Amendment excessive force claim against defendants Deputy Lee, Deputy Ledesma, and Deputy Martinez, or to amend the complaint.

4. Within twenty-one days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

Dated: May 29, 2018

                        CAROLYN K. DELANEY
                        UNITED STATES MAGISTRATE JUDGE

12/youn2596.1a.option.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE G. YOUNG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPUTY LEE, et al.,<br><br>　　　　　Defendants. | No.<br><br><br><u>PLAINTIFF'S NOTICE OF</u><br><br><u>HOW TO PROCEED</u> |

　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claim against defendants Deputy Lee, Deputy Ledesma, and Deputy Martinez.

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.


DATED:




　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff