1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONNIE G. YOUNG,                              No.  2:17-cv-02596-CKD P

12              Plaintiff,

13        v.                                         ORDER

14    LEE, et al.,

15              Defendants.

16

17        Plaintiff is a county inmate proceeding pro se in this federal civil rights action filed

18    pursuant to 42 U.S.C. § 1983.  This action proceeds on the first amended complaint ("FAC") filed

19    June 5, 2018 based on events that occurred when plaintiff was an inmate at the San Joaquin

20    County Jail.  ECF No. 11.  Defendants are employees of the county jail.  On March 25, 2019, the

21    court determined that service was appropriate for defendants Lee, Martinez, and Ledesma on

22    claims that they used excessive force against plaintiff on January 19, 2016 in violation of the

23    Eighth Amendment.  The court also found service was appropriate for defendant Williams on an

24    Eighth Amendment claim that he was deliberately indifferent to plaintiff's serious medical needs

25    following the alleged use of force on January 19, 2016.

26        Currently pending before the court is defendant Williams' motion to dismiss the Eighth

27    Amendment deliberate indifference claim against him pursuant to Federal Rule of Civil

28    Procedure 12(b)(6) for failing to state a claim.  ECF No. 24.  Also pending before the court is

1  defendants' motion to strike three sentences from the first amended complaint.  ECF No. 24.

2  Plaintiff has filed an opposition to both motions and defendants have filed a reply.  Therefore, the

3  matter has been fully briefed.  For the reasons discussed below, defendant Williams' motion to

4  dismiss is granted with leave to amend.  Defendants' motion to strike is granted in part and

5  denied in part.

6  **I.      Factual and Procedural History**

7      In the first amended complaint, plaintiff alleges that three sheriff deputies used excessive

8  force against him on January 19, 2016 at approximately 1:15 in the afternoon.  ECF No. 11 at 3,

9  14.  Plaintiff further alleges that:

10      "[i]mmediately after the… attack at the San Joaquin County Jail
       upon me by jail sheriff deputies, due to the severe pains and
11      discomforts… [I] was suffering, I requested of a number of
       deputies… for medical treatment….  I remembered speaking to a
12      deputy Sergeant S. Williams, pleading for medical assistance.
       Sergeant S. Williams just simply refused, and walked away."
13

14  ECF No. 11 at 4.  Plaintiff also alleges that defendant Williams only offered to obtain medical

15  assistance for plaintiff if he admitted to having contraband.  Id.

16      Plaintiff attached medical records to the complaint in order to demonstrate the injuries he

17  received as a result of the use of force on January 19, 2016.  ECF No. 11 at 11-12, 15-32.  A

18  Correctional Health Care Progress Note indicates that plaintiff was evaluated by health care staff

19  on January 19, 2016 at 1:30 after being called by custody staff who were moving plaintiff to cell

20  A7.  ECF No. 11 at 31.  However, before he could be moved to this cell, plaintiff "suddenly"

21  complained of "having body ache, leg pain, [and] right arm pain."  ECF No. 11 at 31.  Based on a

22  medical assessment, there was "no visible redness or any bruises or mark, discoloration and

23  deformities noted."  Id.

24      According to the minutes of a Discipline Board conducted on January 20, 2016, plaintiff

25  "stated he needed medical attention indicating pain in his ribs."  ECF No. 11 at 13.  On January

26  22, 2016, plaintiff was referred for a chest x-ray by the San Joaquin County Correctional Health

27  Care Services due to "rib cage pain after [an] altercation."  ECF No. 11 at 24.  This request was

28  marked as "routine."  Id.  A separate progress note from January 22, 2016 indicates that plaintiff

1    reported having a seizure and falling, but there was no contusion noted.  ECF No. 11 at 31.  The

2    x-ray report from San Joaquin General Hospital done on January 27, 2016 indicated that there

3    was "[n]o acute cardiopulmonary pathology."  ECF No. 11 at 25.  Following this x-ray, a nurse's

4    triage note from the San Joaquin County Jail indicates that plaintiff was still complaining of

5    "extreme pain in rib area…" on January 27, 2016.  ECF No. 11 at 30.

6            Following his transfer to Deuel Vocational Institution, plaintiff received another chest x-

7    ray on February 4, 2016 finding a "mildly displaced left lateral 11th rib fracture [and a]

8    [n]ondisplaced left 10th rib fracture…."  ECF No. 11 at 11.  A follow-up x-ray on February 24,

9    2016 determined that plaintiff had "subacute, healing fractures of the left ninth and 10th ribs."

10   ECF No. 11 at 12.

11           In his motion to dismiss, defendant Williams contends that the exhibits attached to the

12   complaint demonstrate that plaintiff received medical treatment within 15 minutes of the alleged

13   use of force on January 19, 2016.  ECF No. 24 at 3.  As plaintiff was provided with medical

14   attention, defendant Williams argues that there was no deliberate indifference to plaintiff's

15   serious medical needs.  Defendant Williams requests to be dismissed with prejudice from this

16   lawsuit.

17           By way of opposition, plaintiff responds that the attached medical record from January 19,

18   2016 relates to his placement in administrative segregation and not his injuries sustained in the

19   use of force by defendants.  ECF No. 42.  "[I]t is standard protocol to be looked over by a nurse

20   to be cleared for housing in Administrative Segregation."  ECF No. 42 at 3.  Plaintiff requested

21   medical assistance from defendant Williams for the pain in his ribs.  Id. at 4.  Once plaintiff was

22   transferred from the San Joaquin County Jail to Deuel Vocational Institution, an x-ray revealed

23   that he had two fractured ribs.  Id. at 5.

24           In a separate motion, all the defendants request that the court strike three select sentences

25   from plaintiff's first amended complaint asserting that these statements are redundant, immaterial,

26   and/or impertinent.  ECF No. 25.  The specific portions of the complaint include a statement that:

27   1) plaintiff's request for medical treatment for the injuries he received during the attack was

28   denied; 2) plaintiff's request for a grievance form was also denied; and, 3) plaintiff's request for

the licenses and badges of each defendant be suspended pending an investigation into their

conduct.  ECF No. 25 at 2.  Defendants assert that the first statement is redundant and also

immaterial to his first claim for relief concerning the use of excessive force.  ECF No. 25 at 4.

Defendants further argue that the denial of a grievance form is immaterial to the issues being

litigated and was provided to plaintiff as demonstrated by the attachments to his complaint.  Id. at

5.  With respect to plaintiff's requested relief of suspending defendants' licenses and badges, that

is not an available remedy in a civil rights action and should be stricken from the complaint.  ECF

No. 25 at 6.

In his opposition to the motion to strike, plaintiff contends that the statements in the first

amended complaint are necessary to determine whether he posed a threat to the safety of the

officers and whether he was actively resisting arrest or attempting to evade the police by flight.[1]

ECF No. 43 at 4.  Plaintiff's opposition does not respond to defendants' request to strike his

requested relief in the form of suspending defendants' licenses and badges.

**II.     Legal Standards**

**A.  Motion to Dismiss Pursuant to Rule 12(b)(6)**

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it

must contain factual allegations sufficient to "raise a right to relief above the speculative level."

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something

more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of

action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

---

[1] The court notes that this is the legal standard for evaluating the use of force by police officers
when affecting an arrest under the Fourth Amendment and not the Eighth Amendment standard
governing the use of force claim in plaintiff's complaint.  See Whitley v. Albers, 475 U.S. 312,
320 (1986) (stating the Eighth Amendment standard to be "whether [the use of ] force was
applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for
the very purpose of causing harm.") (internal quotations and citation omitted).

1  factual content that allows the court to draw the reasonable inference that the defendant is liable

2  for the misconduct alleged." Id.

3        In considering a motion to dismiss, the court must accept as true the allegations of the

4  complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),

5  construe the pleading in the light most favorable to the party opposing the motion, and resolve all

6  doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The court will

7  "'presume that general allegations embrace those specific facts that are necessary to support the

8  claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting

9  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Moreover, pro se pleadings are held to

10  a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

11  (1972).

12        In ruling on a motion to dismiss, the court may consider facts established by exhibits

13  attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

14  The court may also consider "documents whose contents are alleged in a complaint and whose

15  authenticity no party questions, but which are not physically attached to the pleading[.]" Branch

16  v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Gailbraith v. County

17  of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002); see also Steckman v. Hart Brewing, Inc.,

18  143 F.3d 1293, 1295-96 (9th Cir. 1998) (stating that on a Rule 12(b)(6) motion, the court is "not

19  required to accept as true conclusory allegations which are contradicted by documents referred to

20  in the complaint.").  The court may also consider facts which may be judicially noticed, Mullis v.

21  United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record,

22  including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer

23  Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  However, the court need not accept legal

24  conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d

25  618, 624 (9th Cir. 1981).

26      **B.**    **Deliberate Indifference to Serious Medical Need**

27        To maintain an Eighth Amendment claim based on lack of medical treatment, an inmate

28  must show "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97,

1  104 (1976).  In the Ninth Circuit, the test for deliberate indifference consists of two parts.

2  McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs.,

3  Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).  First, the plaintiff must show a "serious medical

4  need" by demonstrating that "failure to treat a prisoner's condition could result in further

5  significant injury or the 'unnecessary and wanton infliction of pain.'"  Id. at 1059 (citing Estelle,

6  429 U.S. at 104).  Second, the plaintiff must show the defendant's response to the need was

7  deliberately indifferent.  McGuckin, 974 F.2d at 1060.  This second prong – deliberate

8  indifference – may be shown by "(a) a purposeful act or failure to respond to a prisoner's pain or

9  possible medical need and (b) harm caused by the indifference."  Jett v. Penner, 439 F.3d 1091,

10  1096 (9th Cir. 2006).  "Indifference may appear when prison officials deny, delay or intentionally

11  interfere with medical treatment."  Id. (internal quotations omitted).

12      **C.      Motion to Strike Pursuant to Rule 12(f)**

13          Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from a

14  complaint "an insufficient defense or any redundant, immaterial, impertinent, or scandalous

15  matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the

16  expenditure of time and money that must arise from litigating spurious issues…."  Sidney–

17  Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  However, motions to strike are

18  generally disfavored and "should not be granted unless it is clear that the matter to be stricken

19  could have no possible bearing on the subject matter of the litigation."  Neveu v. City of Fresno,

20  392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation and quotation marks omitted); see also

21  Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) ("Motions to

22  strike are generally regarded with disfavor because of the limited importance of pleading in

23  federal practice, and because they are often used as a delaying tactic").  Whether to grant a

24  motion to strike is within the sound discretion of the court, but the court must view the pleading

25  in a light most favorable to the non-moving party and resolve any doubt as to the relevance of the

26  challenged allegations in favor of the non-moving party.  See In re 2TheMart.com, Inc. v. Sec.

27  Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

28  /////

### III.    Analysis

#### A.  Motion to Dismiss

Turning first to defendant Williams' motion to dismiss, there does not appear to be any dispute that plaintiff had a serious medical need following the use of force against him on January 19, 2016.  The medical records attached to the complaint demonstrate that plaintiff had ongoing complaints of rib pain.  Defendant does not dispute this in his motion to dismiss.  Therefore, the allegations in plaintiff's FAC sufficiently allege the first prong of an Eighth Amendment deliberate indifference claim.  The only question before the court, then, is whether the allegations sufficiently allege a purposeful failure to respond to plaintiff's medical need by defendant Williams.  Even taking the allegations in the complaint as true and resolving all doubts in plaintiff's favor, the undersigned concludes that the FAC is not sufficient to state an Eighth Amendment deliberate indifference claim against defendant Williams.  The allegations in the FAC make it clear that plaintiff requested medical attention from defendant Williams "immediately after" the use of force against him.  ECF No. 11 at 4.  The medical records attached to the complaint indicate that plaintiff was assessed by medical staff within 15 minutes of the use of force and that there was no observable redness, bruises, discoloration or deformities.  ECF No. 11 at 31.   Therefore, the attachments to the complaint do not support the allegation that defendant Williams failed to respond to plaintiff's medical need immediately after the use of force. Therefore, the second prong of a deliberate indifference claim is not adequately alleged in the FAC.  For this reason, defendant Williams's motion to dismiss is granted.

#### B.  Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the "court should grant leave to amend ... unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).  While defendant Williams requests a dismissal with prejudice, the additional medical records attached to the FAC demonstrate that plaintiff had ongoing complaints of rib pain which may support a deliberate indifference claim on a different date.  Accordingly, plaintiff is granted leave to amend the Eighth Amendment

1   deliberate indifference claim.

2                            **C.  Motion to Strike**

3          In relation to defendants' motion to strike, the court must begin with Rule 12(f)'s plain

4   meaning and determine whether the three sentences that are being challenged  in the FAC are: (1)

5   an insufficient defense, (2) redundant, (3) immaterial, (4) impertinent, or (5) scandalous.

6   Whittlestone v. Handi-Craft Co., 618 F.3d 970, 973-74 (9th Cir. 2010); see generally 5C Charles

7   Alan Wright et al., Federal Practice and Procedure § 1382 (3d ed. 2015) (discussing "redundant,"

8   "immaterial," "impertinent," and "scandalous" material).

9          The first sentence being challenged as redundant is plaintiff's allegation in claim one that

10  he was denied medical treatment for the injuries he received.  ECF No. 25 at 3.  Defendants

11  challenge this sentence because it relates to claim two in the complaint and not the excessive

12  force claim presented in claim one.  Id. at 4.  While this sentence may strictly relate to claim two,

13  the purpose of a Rule 12(f) is to avoid the expenditure of time and money arising from

14  unnecessary litigation of tangential issues.  See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d

15  970, 973 (9th Cir. 2010).  In light of this court's ruling on defendant Williams' motion to dismiss

16  count two, the inclusion of the sentence pertaining to a denial of medical treatment will lead to

17  the unnecessary expenditure of time and resources on a claim that is no longer at issue.

18  Therefore, the court will strike the sentence on page 3 of the First Amended Complaint that states:

19  "Afterwards [sic], upon my request for medical treatment from the injuries I received during this

20  attack, I was denied."  ECF No. 11 at 3.

21         Next, defendants move to strike the sentence in the FAC that plaintiff was denied a

22  grievance form on the grounds that it is immaterial and impertinent to the excessive force claim.

23  ECF No. 25 at 5.  However, the availability of a jail grievance form relates to the exhaustion of

24  administrative remedies which may be raised by defendants as an affirmative defense.[2]  See 42

---

25  [2] While defendants assert that an exhibit attached to plaintiff's FAC demonstrates that he was
26  provided a grievance form, the actual exhibit referenced is illegible.  See ECF No. 11 at 9.
    Defendants request that the court take judicial notice of an inmate grievance form attached to
27  plaintiff's original complaint which defendants assert is a legible copy of the grievance form at
    issue.  ECF No. 25 at 5, n. 1.  However, judicial notice is not appropriate in this circumstance
28  when a referenced exhibit is illegible.  Therefore, the court cannot determine at this early stage in

1    U.S.C. § 1997e(a).  As the Ninth Circuit has ruled that exhaustion issues must be raised in a

2    motion for summary judgment rather than a motion to dismiss, it is premature for this court to

3    determine whether defendants will raise this affirmative defense.  See Albino v. Baca, 747 F.3d

4    1162, 1166 (9th Cir. 2014) (en banc).  Following the decision in Albino, a defendant may raise

5    the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare

6    event the failure to exhaust is clear on the face of the amended complaint, or (2) a motion for

7    summary judgment.  Albino, 747 F.3d at 1166, 1169-70 (quotation marks omitted).  An

8    unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of

9    exhaustion.  Albino, 747 F.3d at 1168.  Furthermore, a district court cannot resolve a substantial

10   factual or legal issue like exhaustion of administrative remedies via a motion to strike.  See

11   Whittlestone, Inc., v. Handi-Craft Company, 618 F.3d 970, 973 (9th Cir. 2010).  For these

12   reasons, the court will not strike the sentence in claim one pertaining to the availability of a

13   grievance form.

14        Lastly, defendants move to strike a portion of the relief requested by plaintiff pertaining to

15   the "licenses and badges" of the defendant officers because it is immaterial and impertinent.  ECF

16   No. 25 at 6.  Plaintiff does not oppose this portion of defendants' motion to strike.  Here, the

17   licenses and badges of defendants have no bearing on the subject matter of this litigation which

18   concerns whether they used excessive force against plaintiff.  As such, this statement in plaintiff's

19   FAC is immaterial and is stricken.  See Hawkins v. Medtronic, Inc., 62 F. Supp. 3d 1144, 1149

20   (E.D. Cal. 2014).

21            **IV.    Plain Language Summary for Pro Se Party**

22        The following information is meant to explain this order in plain English and is not

23   intended as legal advice.

24        The court has reviewed your first amended complaint and the medical records attached to

25   it and concluded that it does not state an Eighth Amendment claim against defendant Williams

26   based on his deliberate indifference to your serious medical needs.  The court is granting

27   ───────────────────

28   the proceedings whether plaintiff was permitted to grieve the use of excessive force at issue in
     this case.

1   defendant's motion to dismiss, but this does not end your case.  You are being given the chance to

2   fix the problems identified in this order pertaining to the Eighth Amendment deliberate

3   indifference claim.  You may choose to file a second amended complaint containing an Eighth

4   Amendment deliberate indifference claim or you may choose to proceed only on the excessive

5   force claim against defendants Lee, Martinez, and Ledesma.  You have 30 days to either file a

6   second amended complaint or to notify the court that you want to proceed against the remaining

7   defendants on the excessive force claim.

8          Defendant's motion to strike is granted in part and denied in part.  The statements

9   concerning being denied medical attention in claim one and the requested relief in the form of

10  defendants' licenses and badges are stricken from the FAC.  The remaining request to strike is

11  denied.

12         Accordingly, IT IS HEREBY ORDERED that:

13     1.   Defendant Williams' motion to dismiss (ECF No. 24) is granted with leave to amend.

14     2.   Defendants' motion to strike portions of the first amended complaint (ECF No. 25) is

15          granted in part and denied in part as explained herein.

16     3.   Within thirty days from the date of this order, plaintiff shall complete the attached

17          Notice of Election and return it to the court indicating whether he wants to proceed

18          solely on the excessive force claims against defendants Lee, Martinez, and Ledesma or

19          whether he intends to file a second amended complaint.

20     4.   Plaintiff has sixty days from the date of this order to file a second amended complaint

21          if he elects that option and so notifies the court.

22     5.   Defendants Lee, Martinez, and Ledesma need take no action with respect to any

23          second amended complaint filed by plaintiff until instructed by the court to do so.

24  Dated:  May 15, 2020

25          _____
            CAROLYN K. DELANEY
26          UNITED STATES MAGISTRATE JUDGE

27

28  12/youn2596.mtd.CJRA.docx

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONNIE C. YOUNG,

12          Plaintiff,                          No.  2:17-cv-02596-CKD

13    v.

14    LEE, et al.,                              NOTICE OF ELECTION

15          Defendants.

16

17          **Check only one option:**

18

19    _____  Plaintiff wants to proceed only on the excessive force claim against defendants Lee,

20    Martinez and Ledesma.

21    _____ Plaintiff intends to file a second amended complaint within the time provided by the court.

22

23

24    DATED:

25

26                                              _____

27                                                    Plaintiff

28
                                     11