1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONNIE G. YOUNG,                              No.  2:17-cv-02596-CKD P

12                     Plaintiff,

13         v.                                       ORDER AND

14    LEE, et al.,                                  FINDINGS AND RECOMMENDATIONS

15                     Defendants.

16

17         Plaintiff is a county inmate proceeding pro se in this federal civil rights action filed

18    pursuant to 42 U.S.C. § 1983.  Currently pending before the court is plaintiff's second amended

19    complaint along with defendants' motion to strike and motion to dismiss portions of this

20    complaint.  Plaintiff has not filed any opposition to defendants' motions.  For the reasons

21    discussed below, the court finds service of the second amended complaint appropriate for

22    defendants Ledesma, Lee, and Martinez based on an Eighth Amendment excessive force claim

23    against plaintiff, alleged to have occurred on January 19, 2016.  The court will strike defendants'

24    motion to strike as unnecessary in light of recommendation to dismiss defendant Williams with

25    prejudice and the court's prior ruling.

26    **I.      Screening Standard**

27         The court is required to screen complaints brought by prisoners seeking relief against a

28    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

                                              1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.      Allegations in the Second Amended Complaint

At all times relevant to the allegations in the second amended complaint, plaintiff was an inmate at the San Joaquin County Jail.  ECF No. 53 at 1.  Defendants are deputy sheriffs serving as correctional officers at the county jail.  ECF No. 53 at 2.  Plaintiff alleges that on January 19, 2016, defendant Lee jerked him off of the toilet in his cell and beat him on the face, neck and body.  Id. at 3.  Defendants Ledesma and Martinez then joined in the beating which lasted for

1  approximately two minutes.  Id.  Plaintiff was injured as a result of defendants' actions.  Id.  He

2  was removed from his cell and placed in administrative segregation.  Id. at 4.  The next day,

3  plaintiff requested medical attention from defendant Williams who told plaintiff that he would

4  only get him medical treatment if he admitted to possessing contraband in his cell.  Id.  After

5  plaintiff denied having contraband, defendant Williams ignored his request for medical treatment

6  for his injuries and ongoing pain.  Id.  Plaintiff further contends that he did not receive medical

7  attention until January 22, 2016 at approximately 5:00 p.m. after he reported having a seizure.  Id.

8       By way of relief, plaintiff seeks compensatory and punitive damages.  ECF No. 53 at 6.

9  Plaintiff also requests that all future hearing-impaired inmates at the San Joaquin County Jail be

10  provided with vests to wear that identify their disability.  Id.

11       **III.    Defendants' Motion to Strike**

12       On July 13, 2020, defendants filed their second motion to strike in this matter.

13  Defendants request that two sentences in the second amended complaint be stricken as redundant,

14  immaterial, or impertinent pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  ECF

15  No. 54.  The specific portions of the complaint include a statement that: 1) plaintiff's request for

16  medical treatment was denied in his claim for excessive force; and, 2) plaintiff's request that all

17  future hearing-impaired inmates be provided with a vest that identifies their disability.  ECF No.

18  54 at 2.  Defendants point out that the court granted the prior motion to strike the portion of claim

19  one that states that plaintiff's request for medical treatment was denied.  See ECF No. 50 at 8

20  (order granting in part and denying in part defendants' motion to strike).  With respect to

21  plaintiff's requested remedy of providing hearing-impaired inmates with vests, defendants assert

22  that plaintiff does not have standing to seek this relief at a jail where he is no longer an inmate.

23  ECF No. 54 at 6.

24       **IV.    Defendants' Motion to Dismiss**

25       In a concurrently filed motion to dismiss, defendant Williams contends that claim two of

26  the second amended complaint should be dismissed for failing to state an Eighth Amendment

27  deliberate indifference claim.  ECF No. 55 at 2.  Defendant Williams points out that the exhibits

28  attached to plaintiff's first amended complaint contradict his current allegations.  Id. at 4.

1   Specifically, defendant asserts that plaintiff was provided medical treatment 3½ hours after he

2   alleges that defendant Williams ignored his request for assistance.  ECF No. 55 at 4.  Defendant

3   further contends that a single, isolated incident of the denial of medical care, as plaintiff alleges in

4   his second amended complaint, is not sufficient to state an Eighth Amendment deliberate

5   indifference claim.  Id. at 7-9.  Defendant Williams requests that the court deny plaintiff leave to

6   amend his complaint because he has already had three chances to plead a valid claim for relief.

7       **V.    Legal Standards**

8           **A.  Motion to Strike Pursuant to Rule 12(f)**

9           Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from a

10  complaint "an insufficient defense or any redundant, immaterial, impertinent, or scandalous

11  matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the

12  expenditure of time and money that must arise from litigating spurious issues…."  Sidney–

13  Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  However, motions to strike are

14  generally disfavored and "should not be granted unless it is clear that the matter to be stricken

15  could have no possible bearing on the subject matter of the litigation."  Neveu v. City of Fresno,

16  392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation and quotation marks omitted); see also

17  Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) ("Motions to

18  strike are generally regarded with disfavor because of the limited importance of pleading in

19  federal practice, and because they are often used as a delaying tactic").  Whether to grant a

20  motion to strike is within the sound discretion of the court, but the court must view the pleading

21  in a light most favorable to the non-moving party and resolve any doubt as to the relevance of the

22  challenged allegations in favor of the non-moving party.  See In re 2TheMart.com, Inc. v. Sec.

23  Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

24          **B.  Motion to Dismiss Pursuant to Rule 12(b)(6)**

25          In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

26  complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it

27  must contain factual allegations sufficient to "raise a right to relief above the speculative level."

28  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something

4

1   more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of

2   action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

3   236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to

4   'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

5   (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

6   factual content that allows the court to draw the reasonable inference that the defendant is liable

7   for the misconduct alleged."  Id.

8        The court must accept as true the allegations of the complaint in question, Hospital Bldg.

9   Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most

10  favorable to the party opposing the motion, and resolve all doubts in the pleader's favor when

11  resolving a motion to dismiss.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The court will

12  "'presume that general allegations embrace those specific facts that are necessary to support the

13  claim.'"  National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting

14  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Moreover, pro se pleadings are held to

15  a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

16  (1972).  In ruling on a motion to dismiss, the court may consider facts established by exhibits

17  attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

18                    **C.  Deliberate Indifference to a Serious Medical Need**

19       To maintain an Eighth Amendment claim based on lack of medical treatment, an inmate

20  must show "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97,

21  104 (1976).  In the Ninth Circuit, the test for deliberate indifference consists of two parts.

22  McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs.,

23  Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).  First, the plaintiff must show a "serious medical

24  need" by demonstrating that "failure to treat a prisoner's condition could result in further

25  significant injury or the 'unnecessary and wanton infliction of pain.'"  Id. at 1059 (citing Estelle,

26  429 U.S. at 104).  Second, the plaintiff must show the defendant's response to the need was

27  deliberately indifferent.  McGuckin, 974 F.2d at 1060.  This second prong – deliberate

28  indifference – may be shown by "(a) a purposeful act or failure to respond to a prisoner's pain or

1   possible medical need and (b) harm caused by the indifference." <u>Jett v. Penner</u>, 439 F.3d 1091,

2   1096 (9th Cir. 2006).  "Indifference may appear when prison officials deny, delay or intentionally

3   interfere with medical treatment." <u>Id.</u> (internal quotations omitted).

4       **VI.   Analysis**

5       **A.  Motion to Dismiss**

6       Defendant Williams' prior motion to dismiss the Eighth Amendment deliberate

7   indifference claim stemming from events on January 19, 2016 was granted because "[t]he

8   medical records attached to the [first amended] complaint indicate that plaintiff was assessed by

9   medical staff within 15 minutes of the use of force." ECF No. 50 at 7.  However, plaintiff was

10  granted leave to amend because "the additional medical records attached to the FAC demonstrate

11  that plaintiff had ongoing complaints of rib pain which may support a deliberate indifference

12  claim on a different date." ECF No. 50 at 7.

13      The current allegations of defendant Williams' deliberate indifference concern events on

14  January 20, 2016. ECF No. 53 at 4.  As correctly pointed out in the motion to dismiss, plaintiff

15  was seen by Correctional Health Care Services twice on January 20, 2016. ECF No. 11 at 23.  He

16  was first seen at 9:52 a.m. and then at 1955, or 7:55 p.m. <u>Id.</u>  While there are no notes concerning

17  plaintiff's first medical visit, the results of the second visit document plaintiff's blood pressure

18  and pulse. <u>Id.</u>  Plaintiff was next seen by a doctor on January 22, 2016 when a chest x-ray was

19  ordered. ECF No. 11 at 28.

20      In order to demonstrate that defendant Williams was deliberately indifferent to plaintiff's

21  serious medical need, plaintiff must show "(a) a purposeful act or failure to respond to a

22  prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Jett v. Penner</u>,

23  439 F.3d 091, 1096 (9th Cir. 2006).  While the medical records from January 20, 2016 are not

24  attached to the second amended complaint, plaintiff did attach them to his first amended

25  complaint. <u>See</u> ECF No. 11 at 10-32.  The court considered these medical records when resolving

26  the prior motion to dismiss and has reviewed them again for purposes of resolving the pending

27  motion.  <u>See</u> <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1209 (9th Cir. 2012) (finding that the district court

28  could have considered exhibits that had been attached to the original complaint in ruling on

1    defendants' motion to dismiss the first amended complaint) (citation omitted).  In light of the

2    medical records, the undersigned concludes that the allegations are not sufficient to state an

3    Eighth Amendment deliberate indifference claim against defendant Williams.  While defendant

4    Williams left plaintiff in his cell at 4:30 on January 20, 2016, plaintiff was seen by medical staff

5    3½ hours later based on the medical records.  This does not establish a purposeful failure to

6    respond to plaintiff's medical needs by defendant Williams.  See Jett, 439 F.3d at 1096.

7    Accordingly, the undersigned recommends granting defendant Williams' motion to dismiss the

8    deliberate indifference claim in the second amended complaint.

9        In light of the fact that plaintiff has previously been granted leave to amend on two

10   separate occasions, it does not appear that these deficiencies could be cured by alleging

11   additional facts.  See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242,

12   247 (9th Cir. 1990) (citations omitted).  Accordingly, the undersigned recommends denying

13   further leave to amend the deliberate indifference claim alleged in the second amended complaint.

14       **B.  Motion to Strike**

15       Regarding the pending motion to strike portions of the second amended complaint, the

16   court denies the motion as unnecessary in light of recommendation to dismiss defendant Williams

17   with prejudice and the court's prior ruling.

18       **VII.    Plain Language Summary for Pro Se Party**

19       The following information is meant to explain this order in plain English and is not

20   intended as legal advice.

21       The court has reviewed the allegations in your second amended complaint and finds that

22   service is appropriate for defendants Ledesma, Lee, and Martinez only.  The undersigned is

23   recommending that defendant Williams' motion to dismiss be granted and that he be removed

24   from this case permanently.  If you do not agree with this recommended outcome as to defendant

25   Williams, you have 21 days to explain why it is not correct.  Label your explanation "Objections

26   to Magistrate Judge's Findings and Recommendations."

27       In accordance with the above, IT IS HEREBY ORDERED that:

28       1.  The Clerk of Court randomly assign this matter to a district court judge.

7

2.  Defendants' motion to strike portions of plaintiff's second amended complaint (ECF No. 54) is denied as unnecessary in light of recommendation to dismiss defendant Williams with prejudice and the court's prior ruling.

3.  Service is appropriate for defendant Ledesma, Lee, and Martinez based on an Eighth Amendment claim of excessive force against plaintiff.

4.  The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the second amended complaint.

5.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a.  The completed Notice of Submission of Documents;

    b.  One completed summons;

    c.  One completed USM-285 form for each defendant listed in number 3 above; and,

    d.  Four copies of the complaint.

6.  Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS FURTHER RECOMMENDED that:

1.  Defendant Williams' motion to dismiss claim two of the second amended complaint (ECF No. 55) be granted.

2.  Plaintiff's Eighth Amendment deliberate indifference claim against defendant Williams be dismissed without leave to amend.

3.  Defendant Williams be dismissed from this case with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

8

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2   objections shall be served and filed within fourteen days after service of the objections.  The

3   parties are advised that failure to file objections within the specified time may waive the right to

4   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5   Dated:  October 5, 2020

6                                                CAROLYN K. DELANEY

7                                              UNITED STATES MAGISTRATE JUDGE

13   12/youn2596.mtd+m2strike.docx

1

2

3

4

5

6

7

8

9                              UNITED STATES DISTRICT COURT

10                        FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12    RONNIE G. YOUNG,                          No.  2:17-cv-02596-CKD

13          Plaintiff,

14    v.                                        NOTICE OF SUBMISSION

15    LEE, et al.,                              OF DOCUMENTS

16          Defendants.

17

18          Plaintiff submits the following documents in compliance with the court's order filed

19    _____:

20          ____        completed summons form

21          ____        completed USM-285 forms

22          ____        copies of the __6/29/20_____
                                      Second Amended Complaint
23

24    DATED:

25

26

27                                              _____
                                                Plaintiff

28

10